IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA

v.  CR # 1:11CR530

COREY T. JONES

DEFENDANT'S SENTENCING MEMO

COMES NOW the Defendant, by counsel, and for his Sentencing Memo states as follows.

1. Mr. Jones has reviewed the Presentence Report. He disagrees with the facts and factors described in the Report.

2. His Guideline range as described is 262 – 327 months. In computing the Guideline range the Probation Office made a finding that Mr. Jones is a Career Offender pursuant to USSG § 4B1.1.

3. Mr. Jones received an enhancement for brandishing a weapon (Worksheet A, USSG § 2B3.1(B)(2)(C) and obstruction of justice (PSR ¶ 68, USSG §3C1.1). While these do not have a Guideline effect in light of the Career Offender finding, we submit that neither of these enhancements are appropriate. First, Mr. Jones was acquitted by the jury of the gun charge (18 U.S.C. § 924(c). As such, we ask the Court to deny the brandishing enhancement. As to the obstruction of justice enhancement, Mr. Jones did not testify. Rather, via defense witnesses, he put forward an alibi defense. We submit that the finding made by the Probation Office chills his constitutional right to plead not guilty. There is no evidence from which to conclude that Mr. Jones obstructed justice. The defense

1

witnesses truthfully testified as to what they saw and heard. We ask the court to deny the obstruction enhancement.

4. In paragraphs 17 – 59 of the Presentence Report, the Probation Office generated a description of the offense conduct. Rather than dispute each fact line by line, we note our objection to all facts contained in those paragraphs which are inconsistent with the trial testimony. In addition, we dispute all facts contained in paragraphs 58 and 59 of the PSR as to events at the Alexandria Jail.

5. Mr. Jones' criminal history is overstated (PSR ¶ 127). By that we mean that the Career Offender finding results from a conviction that occurred in 1991 (PSR ¶ 83). While we do not dispute the right of the Probation Office to consider the conviction and the technical finding of a Career Offender, we ask the Court to depart under USSG § 4A1.3 due to the age of the conviction (over 20 years old). Noteworthy is that absent a finding as a Career Offender, Mr. Jones would have a BOL of 29 and a Criminal History of IV with a resulting Guideline range of 121 – 151 months, a material difference from 262 – 327 as a Career Offender (see Worksheet D).

6. Pursuant to 18 U.S.C. § 3553(a), Mr. Jones wishes to highlight several matters to allow the Court to consider a variance from the Guidelines:

    A. Mr. Jones is 43 years old. He has spent most of his adult life in jail, see PSR ¶¶ 71 – 72.

    B. He will likely receive comeback time because of the instant conviction, i.e., by the conviction he violated the terms of his supervised release from Federal Court in Maryland (see PSR, ¶ 79). He is exposed to up to five years of jail time (see PSR Worksheet C).

    C. The jury acquitted Mr. Jones of the weapon charge in this case.

Admittedly, this could have occurred because of a number of reasons. One plausible reason is that the jury compromised over the case as a way to resolve outstanding difference among the jurors, i.e., some harbored doubts about Mr. Jones complicity in the bank robbery.

  D. That it is highly likely that the Government will trumpet Mr. Jones' 2005 Ohio conviction for use of a firearm in connection with bank robbery as the basis to ask the Court to render a harsh sentence so as to teach Mr. Jones a lesson. Mr. Jones received a sentence of 60 months on that charge (see PSR Worksheet C). We simply ask the Court to be guided by the Congress in rendering a just sentence in the instant case, i.e., 18 U.S.C. § 3553. A sentence of 120 months would double the sentence rendered as a result of the Ohio conviction.

WHEREFORE, we request that this Court sentence Mr. Jones to one hundred twenty months (120) months in jail. Further, Mr. Jones requests that he be designated to a facility close to the Washington, D.C. area so that he may see his family.

                Corey T. Jones
                by counsel

_____s_____
Jerome P. Aquino
Va. Bar No. 21656
Attorney for Corey T. Jones
Law Offices of Jerome P. Aquino
6225 Brandon Avenue, #406
Springfield, Virginia 22150-2530
(703) 451-1111
Fax 703-451-3327
jeromeaquino@vacoxmail.com

<u>Certificate of Service</u>

    I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 6th day of July, 2012, which will send a notification of such filing (NEF) to the following: to Rebeca H. Bellows & Patricia T. Giles, Assistant U.S. Attorney, 2100 Jamieson Avenue, Alexandria, Virginia 22314 and all counsel of record.

                                                      /s/
                                                  Jerome P. Aquino
                                                  Va. Bar No. 21656
                                                  Attorney for Corey T. Jones
                                                  Law Offices of Jerome P. Aquino
                                                  6225 Brandon Avenue, #406
                                                  Springfield, Virginia 22150-2530
                                                  (703) 451-1111
                                                  Fax 703-451-3327
                                                  jeromeaquino@vacoxmail.com