IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 1:11cr530 |
| | ) | |
| | ) | The Honorable Claude M. Hilton |
| COREY THOMAS JONES, | ) | |
| | ) | Sentencing: July 13, 2012 |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES**
**WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Neil H. MacBride, United States Attorney, and Patricia T. Giles and Rebeca H. Bellows, Assistant United States Attorneys, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual, §6A1.2 (Nov. 2011), files this Position of the United States With Respect to Sentencing in the instant case. The United States has no objection to the Presentence Report and Addendum, which calculated the guidelines range of 262 to 327 months, capped at 300 months. The United States respectfully submits that the Sentencing Guidelines establish a reasonable sentencing range that appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a), and requests that this Court impose a sentence of 290 months.

**Argument**

Even though the Sentencing Guidelines are advisory, <u>United States v. Booker</u> provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 125 S. Ct. 738, 767 (2005). "[A] district court shall first calculate

1

(after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

Section 3553 states that the court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, it states that the court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the public from further crimes of the defendant, and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2) (C) & (D).

    **A.**    **A Sentence of 290 Months Would Account for the Nature and Circumstances of the Offense.**

Given the serious nature of this crime and this defendant's conduct, a sentence of 290 months is appropriate. When the defendant, Corey Thomas Jones, and his co-defendant, William Cole, entered the BB&T Bank armed with a handgun, they placed the life of every person in the bank in jeopardy. Several employees had the gun pointed directly at them as they were ordered to the ground. The defendant may not have been the one wielding the gun but he is just as responsible and his conduct was every bit as dangerous. Everyone in the bank was harmed, albeit not physically, because the robbery was a traumatic event for them. Moreover, this robbery had the potential to be lethal by the simple fact that there was a firearm involved.

The defendant's crime was the product of methodical and calculated planning. The defendant and his co-defendant discussed the robbery of this bank via text messages in the days

leading up to the robbery. They planned to disguise their appearance and avoid capture by wearing masks and gloves. They also conducted surveillance of the bank and even orchestrated their alibis prior to committing their crime. Furthermore, the defendant and his co-defendant stole a Plymouth van to use as their getaway vehicle. At trial, this was proven by the fact that both of their cellphones were in the vicinity of where this van was stolen from on the morning of the robbery. Thus, they committed an additional crime in order to facilitate their robbery of the bank.

A sentence of 290 months is also appropriate because this is the defendant's second armed bank robbery. He committed his first armed bank robbery in 2004. In that robbery, just as in this one, the defendant stole an automobile to use as the getaway vehicle and he and another individual robbed the bank. For his first robbery, the defendant was sentenced to sixty (60) months in prison. He was only out of prison for a year when he committed this armed robbery. Thus, this is the defendant's second violent offense involving a handgun. A sentence of 290 is necessary to account for the nature of the defendant's crimes.

### B. The History and Characteristics of the Defendant Necessitate a Sentence of 290 Months.

A sentence of 290 months is necessary to account for the characteristics of this particular defendant. The defendant is a criminal history category VI. He is forty-two years old and has a criminal record dating back to the time he was eighteen. The defendant has two felony drug convictions and now two convictions for crimes of violence, involving firearms.

His first felony drug conviction was in 1987 and he was sentenced to five years with all but six months suspended. At that time, the defendant was given an opportunity to reform. Instead, the defendant continued to engage in criminal conduct. Then, in 1991, he was convicted

3

by this very Court and sentenced to 168 months for conspiracy and manufacturing and distributing crack cocaine.  Despite the length of his sentence, the defendant was undeterred.

In less than a year of his release, the defendant committed his first armed bank robbery (August 2004) while still on supervised release.  The defendant was sentenced to 60 months.  As stated, while on pretrial release, he committed the same crime again–the instant robbery offense.  This defendant has spent a majority of his adult life incarcerated.  At those time when he was not incarcerated, it was only a short amount of time before he has plotting his next crime.  He has shown that he is not someone who is amendable to supervision or engaging in legitimate conduct.

        C.      **A Sentence of 290 Months is Necessary to Protect the Public From Future Crimes of the Defendant and Promote Respect for the Law.**

This defendant has no respect for the law or the justice system as proven by his repeated offenses as well as his obstructive conduct attempting to avoid prosecution in this case.  Moreover, the defendant's repeated offenses and commission of other crimes while on supervised release and under the Court's supervision prove that he is not capable of being deterred.  The defendant has demonstrated that he is a serious threat to public safety.  This sentence is about protecting the public from this defendant's future crimes, as his history shows that there will be more.

**Conclusion**

For the reasons stated, the United States therefore asks this Court to impose a sentence of 290 months of incarceration.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By:     /s/
Patricia T. Giles, Esq.
Virginia Bar No.: 43257
Rebeca H. Bellows
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-299-3982
Email Address: Patricia.Giles@usdoj.gov
Email Address: Becky.Bellows@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that, on July 6, 2012, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filing (NEF) to the following:

Jerome Aquino
Counsel for Corey Thomas Jones

An electronic copy was also sent to:

Tracey White
U.S. Probation Office

By:       /s/
    Patricia T. Giles, Esq.
    Virginia Bar No.: 43257
    Attorney for the United States of America
    United States Attorney's Office
    Justin W. Williams U.S. Attorney's Building
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Phone: 703-299-3700
    Fax: 703-299-3982
    Email Address: Patricia.Giles@usdoj.gov