```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF VIRGINIA
                       ALEXANDRIA DIVISION
_____

                                )
   UNITED STATES OF AMERICA,     )
                                 ) Case No. 1:11-cr-530
             v.                  ) Alexandria, Virginia
                                 )
   WILLIAM LOUIS COLE, JR.,      ) July 13, 2012
                                 ) 9:32 a.m.
             Defendant.          )
                                 )
_____


                   TRANSCRIPT OF SENTENCING

            BEFORE THE HONORABLE CLAUDE M. HILTON

                 UNITED STATES DISTRICT JUDGE




APPEARANCES:

For the United States:   Rebeca Bellows, Esq.

For the Defendant:       Jonathan Simms, Esq.
                         Defendant William Cole, in person

 Court Reporter:         Tracy L. Westfall, RPR, CMRS, CCR

Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.
```

```
 1                    P R O C E E D I N G S
 2         THE CLERK:  Criminal No. 2011-530, United States of
 3  America v. William Louis Cole, Jr..
 4         MS. GILES:  Good morning, Your Honor.  Patricia Giles
 5  and Rebeca Bellows for the United States.
 6         MS. BELLOWS:  Good morning, Your Honor.
 7         THE COURT:  Good morning.
 8         MR. SIMMS:  Good morning, Your Honor.  Jonathan Simms
 9  on behalf of Mr. Cole.
10         THE COURT:  Mr. Simms, have you and your client had an
11  opportunity to review this presentence report?
12         MR. SIMMS:  We have, Your Honor.
13         THE COURT:  Any corrections you wish to make to it?
14         MR. SIMMS:  Your Honor, no corrections, but objections
15  in regards to the guideline calculation.
16         THE COURT:  All right.  What are they?
17         MR. SIMMS:  Your Honor, in regards to the guideline
18  calculation, the presentence report added two points to
19  Mr. Cole's offense -- offense level based upon an obstruction of
20  justice, Your Honor.  The obstruction of justice was based upon
21  the fact that, from what I understand, is that Mr. Cole put on
22  evidence and was found guilty by the jury, Your Honor.
23         When you look at the requirements for an obstruction of
24  justice enhancement, there's three requirements.  First, that
25  there was false testimony as to a material -- two, as to a
```

1   material fact; three, that that false testimony was willfully
2   given in order to obstruct justice.
3        Your Honor, during Mr. Cole's trial, there is no false
4   testimony.  There was no false testimony put on by any
5   witnesses.  There were two witnesses called by Mr. Cole.  The
6   first witness was Michelle Roberts.  She doesn't know Mr. Cole.
7   She had no bias towards Mr. Cole.  Your Honor, I subpoenaed her
8   to come to court to testify to a leasing card document that was
9   found in her office.  Your Honor, she testified to that.  There
10  was no false testimony about that card.  As a matter of fact,
11  the government conceded that that writing --
12       THE COURT:  I didn't gather that the assessment of
13  obstruction had been made because of testimony.  It was because
14  of what was told to police officers during the investigation.
15       MR. SIMMS:  That's not what the PSR stated, Your Honor.
16  As a matter of fact, they stated that that would not be enough
17  for the actual obstruction because he didn't make it.  The only
18  statement that he made to police officers was that he wasn't in
19  Fairfax.
20       THE COURT:  All right.
21       MR. SIMMS:  Your Honor, I think that your point goes to
22  the same point that I'm making, Your Honor.  It's not a
23  situation where Mr. Cole met with officers and deliberately
24  misled them down, you know, some crazy path or lied to them
25  while being submitted to questioning.  As a matter of fact, he

1  did not even speak to officers other than making that statement.

2　　　　　Your Honor, another witness that was called was
3  Mr. Charles Ashford.  Mr. Ashford, once again, has no bias
4  towards Mr. Cole.  And the government states that, well, his
5  demeanor on the stand was just, you know, as though he was
6  hiding something and also he made an inconsistent statement to
7  officers.

8　　　　　He admitted that.  He said yes, I did make that
9  statement and it contradicts what I said before, but this is
10 why, this is what happened, and he explained it.  Your Honor,
11 it's not as though the government proved that Mr. Ashford was
12 lying or also prove that he was being deliberately mistruthful.
13 They haven't even proven false testimony.  So they fail to meet
14 any of these requirements.

15　　　　　Your Honor, just because a defendant in a criminal
16 trial is found guilty doesn't mean that any evidence that
17 they've put on is perjured evidence or it doesn't mean that they
18 have obstructed justice in any way.  As a matter of fact, this
19 circuit, this court, has made it very clear throughout history
20 in prior rulings that they have been very, very cautious about
21 applying obstruction of justice when a criminal defendant puts
22 on evidence due to the fact that the chilling effect that it can
23 have on a defendant's right to exercise to have a free -- a fair
24 trial, to put on evidence, to put on witnesses, Your Honor.

25　　　　　In this case it's not a situation where Mr. Cole paid

1    individuals to come here and lie on his behalf.  It's not a case
2    where Mr. Cole took the stand and testified and the jury found
3    that he was untruthful, Your Honor.  We don't have that here.
4            I understand that the government filed a supplemental
5    position paper yesterday, Your Honor, in regards to a false
6    alibi argument.  They cited *U.S. v. Dowd*.  When you look at that
7    case, which is an unpublished case in the Fourth Circuit, when
8    you look at the facts, no wonder the defendant in that case got
9    the obstruction enhancement.
10           The defendant in that case got caught burying stolen
11   money.  The defendant in that case got caught laundering money
12   through businesses.  The defendant in that case made statements
13   to officers which came out to be lies.  You can't compare that
14   to Mr. Cole's case because it didn't happen here.  So when you
15   look at *Dowd*, no wonder that person got the enhancement.  That
16   case is clearly distinguishable from what we have here.
17           Your Honor, based upon the obstruction enhancement,
18   what we believe is inaccurately applied, Your Honor, Mr. Cole's
19   correct offense level should be a level 22, Your Honor, which
20   would bring his guidelines under Category I to 41 to 51.  And if
21   Your Honor is not persuaded that he's a Category I, then under a
22   Category II, 45 to 57 months, Your Honor.  In regards to his
23   criminal history category, we would rely on the papers
24   previously submitted.
25           THE COURT:  All right.

1          MS. GILES:  Thank you, Your Honor.

2          First, Your Honor, we filed our responsive brief on
3    Wednesday pursuant to the local rules, not on yesterday.  This
4    case is not -- or the obstruction of justice enhancement is not
5    based on this defendant merely presenting evidence at trial.

6          This obstruction enhancement is based on the fact that
7    he attempted to present false alibis at trial.  That is what the
8    Fourth Circuit on two occasions, as cited in our responsive
9    brief, has said is sufficient to find obstruction of justice and
10   that an enhancement would be warranted.

11         This case is on all fours with the *Dowd* case because in
12   that case there was a bank employee that decided to rob various
13   ATMs.  And what she did was went off and checked into a hotel in
14   another state, came back, committed the theft, and then returned
15   to that hotel in order to establish a false alibi.

16         That's exactly what Defendant Cole did in this case,
17   Your Honor.  He established and planned prior to this robbery to
18   go to that location, the Fort Stanton Apartments, and fill out
19   that visitation card.  So he did that.  After the robbery, he
20   went and filled out that card.  What he did was he wrote the
21   date on it and he also wrote the time on it.  And the time that
22   he wrote down, which he has admitted to writing down, was
23   2:10 p.m. which is around the time of the robbery.

24         Now, these are the alibi witnesses, both Ms. Roberts
25   and Mr. Ashford are the alibi witnesses this defendant brought

1   to trial. He brought them to trial in order to establish his
2   false alibi, but it was based on the visitation card that he
3   filled out saying that he was at the apartments at 2:10.
4       Well, as we argued in our closing arguments and as
5   shown by our cell site expert, he was at Fort Stanton Apartments
6   later in the day, around 2:38 p.m., which was after the robbery.
7   So he wasn't there around the time of the robbery which he
8   attempted to do or to mislead the Court and the jury to believe.
9       So in this case, Your Honor, the obstruction of justice
10  enhancement is based on that false alibi that he presented. And
11  as I stated, there are Fourth Circuit cases cited in our
12  responsive pleadings, the *Trantham* case and also the *Dowd* case,
13  that says false alibi witnesses, whether they are -- and
14  obviously it's not going to be successful because he has been
15  convicted, but just the attempt to present that false evidence
16  or those false alibis is sufficient and warrants an obstruction
17  of justice enhancement and it is appropriate in this case.
18      THE COURT: All right.
19      MR. SIMMS: Your Honor, if I can just briefly respond.
20      Your Honor, it's interesting how the government says
21  around the time of the robbery, around. We're talking about
22  20 minutes here, 20 minutes of a time difference. Your Honor,
23  they're submitting that that's enough to give Mr. Cole an
24  enhancement based upon obstruction of justice.
25      MS. GILES: It's not a 20-minute difference, Your

1   Honor.  This robbery happened -- okay.
2           MR. SIMMS:  Your Honor --
3           THE COURT:  It's his turn.
4           MR. SIMMS:  Your Honor, it's just not enough to say --
5   it's not as though -- as a matter of fact, there's no evidence
6   presented to say that Mr. Cole went there -- I apologize, Your
7   Honor.  There's no facts in the *Dowd* case that show that that
8   person went there after the robbery was committed.
9           As a matter of fact, the individual in the *Dowd* case
10  went there to check into the hotel before going to rob the ATMs.
11  After they did that, they went back to the hotel to further
12  supplement that alibi, but the facts in the *Dowd* case are
13  completely different.  I read it three times because I couldn't
14  believe that that was the case they were presenting.
15          THE COURT:  I understand your position.
16          Mr. Cole, is there anything you want to say before I
17  impose sentence?
18          MR. SIMMS:  Your Honor, I did have additional argument
19  on the 3553(a) factors, Your Honor, but those are just guideline
20  factor -- arguments that I wanted to present.
21          THE COURT:  All right.  Well, quickly then.
22          MR. SIMMS:  In regards to the 3553(a) factors, Your
23  Honor, Mr. Cole is an individual who has shown that he can
24  succeed in society.  He was in the community working as a
25  personal trainer.  He didn't have a perfect upbringing, he saw

1  issues in the home, but at the same time he had a loving family
2  environment, Your Honor.  He has several children who he
3  supports and he also loves with pretty much all of his heart.
4  He speaks to them very often, Your Honor, on the phone and they
5  come and visit him, and we've also had conversations about his
6  children.
7          Your Honor, this individual stands before this court
8  with one conviction, one conviction.  That is all.  Your Honor,
9  he's only been convicted of one crime his entire life.  He was
10 found guilty by the jury during his trial, Your Honor, but he's
11 asking this court to sentence him to no more than nine years,
12 Your Honor.  If you're not persuaded to do that, Your Honor,
13 then we're asking for the bottom of the guidelines in regards to
14 Mr. Cole's sentencing, Your Honor.
15         Also, Your Honor, he's requesting to be housed at
16 Cumberland, Maryland, and also asking for the removal or the
17 separation order in regards to his codefendant because there's
18 no issues between them, and he doesn't want to be limited to the
19 places that he can be housed at during his incarceration.
20         THE COURT:  Ms. Giles, is there anything you want to
21 say in response to that?
22         MS. GILES:  I think this defendant has shown, Your
23 Honor, that he's a danger to the community and that he is not
24 someone who is amenable to any kind of supervision while on
25 release.

1          This is -- it's not that he has just one other
2   conviction.  That other conviction is for manslaughter.  So now
3   we have two convictions, both crimes of violence, both involving
4   firearms.  In addition to that, he has a slew of arrests within
5   his -- within his file, all or many of them involving violent
6   offenses.  And while they're not convictions, they do tell a
7   compelling story.  It cannot be ignored that he was on bond at
8   the time that he committed the robbery in this case and that the
9   charges that he was on bond for were attempted armed robbery.
10  Now there's an outstanding warrant for him out of Montgomery
11  County in relation to another armed robbery that happened the
12  same month as this bank robbery in this case.
13         So this sentence should not only be about punishment,
14  but it's also, at this point, about protecting the community.
15  We're asking for a sentence of 155 months, which takes into
16  account the guidelines as well as the mandatory minimum, Your
17  Honor.
18         THE COURT:  Mr. Cole, would you come to the podium.
19         Is there anything you want to say at this time?
20         THE DEFENDANT:  No, sir.
21         THE COURT:  All right.  Well, I find the guideline
22  factors in this case to be properly assessed at a range of 57 to
23  71 months.  That because of the financial condition of the
24  defendant, the imposition of any fine or cost is not warranted.
25         And in considering the factors under Section 3553,

```
 1  which I must, considering the nature of this offense, I find
 2  that the upper end of the guideline range would be appropriate.
 3          It will be the sentence of the Court, as to Counts 1,
 4  2, and 4, Mr. Cole, that you be committed to the custody of the
 5  Attorney General to serve a term of 60 months, a 3-year period
 6  of supervised release on Counts 1 and 4, a 5-year period of
 7  supervised release on Count 2.
 8          As to Count 3, that you be committed to the custody of
 9  the Attorney General to serve a term of 84 months, a 5-year
10  period of supervised release, and pay a special assessment fine
11  of a hundred dollars as to each of these counts.
12          The sentences in Counts 1, 2, and 4 will run
13  concurrently with one another.  The supervised release periods
14  in all four counts will run concurrently with one another.
15          I will recommend that you serve your time at the
16  institution at Cumberland.
17          MS. GILES:  Your Honor, we asked for restitution.
18          THE COURT:  All right.  If you would hand that up.
19  Let's see.  Do you have -- have I already got the order?
20          MS. GILES:  We also filed a preliminary order of
21  forfeiture too, Your Honor.
22          THE COURT:  All right.  That's what I've got here is
23  the order of forfeiture.  I'll go ahead and sign both of these.
24          MR. SIMMS:  We ask that any interest be waived.
25          THE COURT:  I'll waive interest.
```

1         * * *
2      (Proceedings concluded at 9:46 a.m.)
3   _____
4                          CERTIFICATION
5
6       I certify, this 23rd day of August 2012, that the
7   foregoing is a correct transcript from the record of proceedings
8   in the above-entitled matter to the best of my ability.
9
10                        /s/
                 _____
11                  Tracy Westfall, RPR, CMRS, CCR