IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

COREY THOMAS JONES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Criminal Case No. 1:11-cr-530
Civil Case No. 1:14-cv-1493

## Memorandum Opinion

THIS MATTER comes before the Court on Petitioner Corey Thomas Jones's ("Petitioner") Federal Rule of Civil Procedure 60(b) Motion for Relief from Judgment and his Federal Rule of Criminal Procedure 33(a) Motion for New Trial.

On April 25, 2012, after a three-day trial, a jury found Petitioner guilty of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (Count One), and armed bank robbery, in violation of 18 U.S.C. § 2113 (a) and (d) (Count Two). He was acquitted on a third charge for using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On July 13, 2012, the Court sentenced Petitioner to a concurrent term of 60 months on Count One and 200 months on Count Two. Petitioner appealed his conviction to the Fourth Circuit, which affirmed his conviction.

He also filed an unsuccessful petition for writ of certiorari to the Supreme Court.

Since the jury returned a verdict of guilty on these two counts, Petitioner has filed multiple motions claiming to have found "newly discovered evidence" supporting his innocence. A week before sentencing, on July 6, 2012, Petitioner moved for a new trial to hear the newly discovered evidence of Michael Brown, an alibi witness. The Court denied the motion on July 13, 2012. On November 4, 2014, Petitioner filed his first 18 U.S.C. § 2255 motion, which the Court denied on October 2, 2015, after considering the merits of Petitioner's motion.

On April 28, 2015, Petitioner filed another motion for a new trial to hear the newly discovered evidence of Brandon Selman, another alibi witness. On December 14, 2015, Petitioner filed a motion for reconsideration of the Court's denial of Petitioner's § 2255 motion, which the Court denied on March 9, 2016. Petitioner filed a notice of appeal in the Fourth Circuit on this Court's denial of his § 2255 motion, but Petitioner's appeal was dismissed because his notice of appeal was untimely.

On October 4, 2016, Petitioner has filed yet another motion attempting to argue that he has uncovered "new evidence." In this motion, Petitioner requests relief pursuant to Federal Rule of Civil Procedure 60(b), arguing that the Court made an "erroneous factual finding and mistake" in denying Petitioner's

2

§ 2255 motion. Petitioner has also moved for a new trial pursuant to Federal Rule of Criminal Procedure 33(a). The Government responded to both of the instant motions on January 23, 2017, and the matter is ripe for resolution.

As a preliminary matter, Federal Civil Procedure Rule 60(b) applies to civil cases and is not a proper means for challenging a criminal conviction or sentence. If a criminal defendant challenges his conviction or sentence pursuant to a Rule 60(b) motion, the court should construe the motion as a 28 U.S.C. § 2255 motion. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003); United States v. Delgado, No. 2:06CR164, 2013 WL 11583637, at *1 (E.D. Va. July 24, 2013)("Where, as here, a criminal defendant seeks to attack his conviction or sentence, the court must treat the Motion as a habeas corpus petition.").

Under 28 U.S.C. § 2255, a person may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The party seeking relief bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

A petitioner is limited to filing one § 2255 motion unless he obtains certification from the appropriate court of appeals. See Castro v. United States, 540 U.S. 375, 380 (2003). A district court lacks jurisdiction to hear a second or successive § 2255 motion if the petitioner has not received certification from the court of appeals. 28 U.S.C. § 2255(h); see also Winestock, 340 F.3d at 205 ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). A § 2255 motion is second or successive if a previous § 2255 motion has been decided on the merits. Harvey v. Horan, 278 F.3d 370, 380 (4th Cir.2002).

Here, Petitioner's instant motion is a second § 2255 motion, and there is no evidence to suggest that Petitioner received certification from the United States Court of Appeals for the Fourth Circuit to file it. Without certification to file a second or successive motion, § 2255(h) compels the Court to deny Petitioner's second § 2255 motion. Petitioner's first § 2255 motion was decided on the merits, and he is barred from filing a second motion without pre-filing authorization from the Fourth Circuit.

Next, the Court turns to Petitioner's motion pursuant to Federal Rule of Criminal Procedure 33(a). Rule 33(a) provides that "[u]pon the defendant's motion, the court may vacate any

4

judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). If the motion for a new trial is based on newly discovered evidence, the petitioner must move for a new trial within three years after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(1). The petitioner must then prove that: (1) the evidence is newly discovered; (2) the defendant exercised due diligence in discovering the evidence; (3) the evidence is not cumulative or merely impeaching; (4) the evidence is material; and (5) the evidence would likely result in acquittal at a new trial. United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995).

Here, Petitioner has not met his burden to prove that a new trial is warranted. The allegedly "new evidence" from alibi witness Brandon Selman is not new. In his first § 2255 motion and his supplemental filing related to that motion, Petitioner presented Brandon Selman as a new alibi witness. The Court rejected Petitioner's arguments regarding Brandon Selman because the jury could have placed greater weight on the other alibi evidence presented by Petitioner at trial. But the jury did not. Likewise, the alibi evidence presented by Petitioner is cumulative and not likely to result in acquittal. Thus, Petitioner has failed to present new evidence that satisfies the requirements for obtaining a new trial.

5

For the previously mentioned reasons, Petitioner's Rule 60(b) Motion for Relief from Judgment and Rule 33(a) Motion for a New Trial are both DENIED. An appropriate order shall issue.

*/s/ Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 23, 2017